UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Xavier Perry, # 346891, | ) | C/A No. 8:13-1656-JFA-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | of |
| Larry Cartledge; | ) | Magistrate Judge |
| Florence Mauney; | ) | on |
| Captain Abston; | ) | Motion for Preliminary Injunction |
| Captain Miller; | ) | |
| Officer Moore; | ) | |
| Ann Hallman; | ) | |
| Ms. Johnson; | ) | |
| N. C. Merchant; | ) | |
| Lieutenant Lasley; | ) | |
| Captain Degeorgis; | ) | |
| Lieutenant Robertson; | ) | |
| Lieutenant Cashwell; | ) | |
| Lieutenant Church; | ) | |
| Sergeant Palmer; | ) | |
| Sergeant Arrowood; | ) | |
| Officer Morgan; | ) | |
| Ms. D. Filmore; | ) | |
| Ms. Buttrey; | ) | |
| William Byars, *individually and in their official* | ) | |
| *capacities*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

This is a civil rights action filed by a state prisoner. [Doc. 1.] In an order filed in this case on June 26, 2013, the undersigned authorized service of process upon Defendants. [Doc. 8.] Defendants filed an Answer on August 20, 2013. [Doc. 17.] Plaintiff on August 28, 2013, submitted an Amended Complaint [Doc. 20], a Motion to Compel [Doc.

21], and a Motion for Preliminary Injunction [Doc. 22]. In the Amended Complaint, Plaintiff adds ten new Defendants. In a separately-filed Order issued contemporaneously with this Order, the undersigned authorizes service of process upon the ten new Defendants and denies Plaintiff's Motion to Compel.

**Plaintiff's Motion for Preliminary Injunction**

In Plaintiff's Motion for Preliminary Injunction, Plaintiff alleges that he has been denied opportunities for exercise outside of his cell and that he has been confined indoors for twenty-four hours a day without the opportunity for outdoor exercise. [Doc. 22 at 1.] Plaintiff contends that he is entitled to a preliminary injunction under cases such as *Blackwelder Furniture Co. of Statesville, Inc. v. Seilig*, 550 F.2d 189 (4th Cir. 1977) (setting out a now overruled st. Specifically, Plaintiff seeks a preliminary injunction enjoining Defendants from denying his opportunities for outdoor exercise and ordering them to allow Plaintiff to exercise outside of his cell at least five days a week when the weather does not bar such exercise. [*Id.* at 3.]

**Plaintiff is not entitled to a Preliminary Injunction.**

In order to obtain injunctive relief, a plaintiff must establish: (1) the likelihood that the plaintiff will succeed on the merits; (2) the likelihood of irreparable harm to the plaintiff if the injunction is not granted; (3) that the balance of equities tips in his or her favor; and (4) the injunction is in the public interest. *Winter v. Natural Res. Def. Counsel, Inc.*, 555 U.S. 7, 19–20 (2008); *see also Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 607 F.3d 355 (4th Cir. 2010)(*per curiam*) ("On further consideration, we now reissue Parts I and II of our earlier opinion in this case, 575 F.3d at 345–347, stating the facts and articulating

2

the standard for the issuance of preliminary injunctions."), *reaffirming* prior decision reported at *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 345–47 (4th Cir. 2009), *cert. granted and judgment vacated*, 176 L.Ed.2d 764, 130 S.Ct. 2371 (2010). The decision of the Court of Appeals in *Real Truth About Obama, Inc.* overruled *Blackwelder Furniture Co. of Statesville, Inc. v. Seilig*, the case cited by Plaintiff, and applied the four-part test enunciated by the Supreme Court in *Winter*. All four requirements of the *Winter* inquiry must be satisfied. *Real Truth About Obama, Inc.*, 575 F.3d at 346.

Furthermore, to obtain injunctive relief, a plaintiff must demonstrate more than the "possibility" of irreparable harm because the "possibility of irreparable harm" standard is inconsistent with the Supreme Court's characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that a plaintiff is entitled to such relief. *Real Truth About Obama, Inc.*, 575 F.3d at 346, citing *Winter*, 555 U.S. at 19–22. Although in certain circumstances, "restricting inmates' opportunities for physical exercise constitutes cruel and unusual punishment in violation of the Eighth Amendment." *Clay v. Miller*, 626 F.2d 345, 347 (4th Cir. 1980), circuit case law indicates that Plaintiff is not entitled to a preliminary injunction giving him daily access to exercise as he requests. *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993) (holding that "[t]he Eighth Amendment does not prohibit cruel and unusual prison conditions; it prohibits cruel and unusual punishments. If a prisoner has not suffered serious or significant physical or mental injury as a result of the challenged condition, he simply has not been subjected to cruel and unusual punishment within the meaning of the Amendment.").

3

In *Strickler*, the Court of Appeals noted that daily access to a room or two one-hour periods of recreation per week are constitutionally sufficient. *Strickler*, 989 F.2d at 1382 ("We have previously held, for example, that there was no unconstitutional deprivation of the need for exercise where there was access to a day room eighteen hours each day, *Clay v. Miller*, 626 F.2d 345, 347 (4th Cir. 1980), or where exercise was allowed only for two one-hour periods per week, *Sweet v. South Carolina Dep't of Corrections*, 529 F.2d 854, 866 (4th Cir. 1975)."). In light of the decisions of the Court of Appeals in *Strickler* and *Sweet*, Plaintiff is not entitled to a preliminary injunction giving him daily access to exercise for five days per week.

### *Recommendation*

It is recommended that the District Court deny Plaintiff's Motion for Preliminary Injunction [Doc. 22]. Plaintiff's attention is directed to the Notice on the next page.

s/ Jacquelyn D. Austin
United States Magistrate Judge

August 29, 2013
Greenville, South Carolina

4

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).