UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Xavier Perry, #346891, | ) | Civil Action No. 8:13-1656-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| | ) | |
| Larry Cartledge; Florence Mauney; Captain Abston; Captain Miller; Officer Moore; Ann Hallman; Ms. Johnson; N. C. Merchant; Lieutenant Lasley; Captain Degeorgis; Lieutenant Robertson; Lieutenant Cashwell; Lieutenant Church; Sergeant Palmer; Sergeant Arrowood; Officer Morgan; Ms. D. Filmore; Ms. Buttrey; William Byars, individually and in their official capacities, | ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Xavier Perry ("Plaintiff"), proceeding *pro se*, brought this action pursuant to Title 42, United States Code, Section 1983.  (ECF Nos. 1, 20.)  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial handling and a Report and Recommendation ("Report").

On December 2, 2013, Defendants Larry Cartledge, Florence Mauney, Captain Abston, Captain Miller, Officer Moore, Ann Hallman, Ms. Johnson, N. C. Merchant, Lieutenant Lasley, Captain Degeorgis, Lieutenant Robertson, Lieutenant Cashwell, Lieutenant Church, Sergeant Palmer, Sergeant Arrowood, Officer Morgan, Ms. D. Filmore, Ms. Buttrey, and William Byars ("Defendants") filed a motion for summary judgment.  (ECF No. 50.)  Since Plaintiff is *pro se* in this matter, the Court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) on December 3, 2013, advising Plaintiff

of the importance of a dispositive motion and of the need for him to file an adequate response.  (ECF No. 52.)  Plaintiff was granted an extension of time to respond to the motion for summary judgment (ECF No. 63), and filed a response in opposition on March 7, 2014. (ECF No. 65.)  On August 6, 2014, Magistrate Judge Austin issued a Report recommending that Defendant's motion for summary judgment be granted because, *inter alia*, Defendants are entitled to qualified immunity.  (ECF No. 80.).  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so.  (ECF No. 80 at 25.) Plaintiff filed no objections and the time for doing so expired on August 25, 2014.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court reviews the Report and Recommendation only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the motion and response, the record, and the Report and Recommendation of the Magistrate Judge, the Court finds no clear error. Accordingly, the Court adopts and incorporates the Report and Recommendation (ECF No. 80) by reference into this order. It is therefore ORDERED that Defendants' motion for summary judgment (ECF No. 50) is GRANTED, and this case dismissed.

IT IS SO ORDERED.

s/ Bruce Howe Hendricks
United States District Judge

Greenville, South Carolina
September 19, 2014